Good morning. May it please the court, my name is Lilia Alcaraz Toquini, and I represent the petitioner, Margarito Rodriguez Tovar. And I would like to reserve two minutes for rebuttal. We ask that the court reverse the decision of the Board of Immigration Appeals. The board relied on its decision in matter of Zamora Molina in deciding this case, and the board's decision was made in error. The board was wrong for three reasons. The first is that the first category preference when it should have remained in the second category preference, the second section, I'm sorry, the preference category 2A. The second reason the board made a mistake is because if a conversion did take place, it should have been converted as an why the board also made a mistake is because when the board concluded that the petition was moved to the first preference category, it also concluded that the petitioner, sorry, that the beneficiary could not opt out from the conversion. And we believe that if it had been converted, that the beneficiary did have a right to opt out of the conversion. Well, as far as the first reason why the board is wrong, the preference category that the petition should have remained in is the 2A preference category. The reason is because 8 U.S.C. section 1157 F1, which is the mandatory conversion statute that applies when a parent of a child in a 2A preference category naturalizes, that section only specifies that a petition initially filed in the F2B category is to be converted to the first preference category if the beneficiary is 21 years or older at the date of the naturalization of the petitioning parent. And the board didn't rely or really look at that statute in deciding that there was to be a conversion to the first preference category. The board relied on a regulation, 8 C.F.R. 204.2, little I.2, and that regulation is inconsistent with the statute. And it's inconsistent, most of that regulation is inconsistent with the CSPA. Counsel, we have read your briefs and I, since time is fleeting, I wanted to ask, in your brief, the definition of age in 1151 F2 is ambiguous. What is your best argument that age actually, unambiguously, refers to statutory age rather than biological age? What is your best argument? Your Honor, I believe that, or I know that Congress wanted to help the children and not have them age out due to the time the time that is pending in adjudicating a petition from a beneficiary's age. And the CSPA wanted all its sections to work together. 8 U.S.C. 1153 H1 directs how to calculate the statutory age for a beneficiary that has a petition that was initially filed under the F2A category. However, it doesn't say that that beneficiary can only adjust his status under the 2A category. So once a parent, petitioning parent naturalizes, a visa becomes available. When a visa becomes available, then as the U.S. Supreme Court Inquiry, the Osorio states, that that's when you calculate the age. At that point, then we look at how to calculate the age when the parent naturalizes. He's under 21. And at that point, we then go into another statute. And that statute is 8 U.S.C. 1151 F2. From that statute, we see that if a child is under 21, then he becomes a beneficiary of an immediate relative petition when the parent works so that when the F2A calculation is made, then it can be transferred to an immediate relative petition. You want to save your last three minutes, Roberto? I take that as an unambiguous yes. I may reserve one minute right now. Sorry, Your Honor. I will reserve the minutes remaining. Thank you, Your Honor. Two and a half minutes. All right. Thank you, counsel. Your Honor, may it please the Court, Jessica Daubert for the Attorney General. This Court should deny the petition for review because the clear petitioner is considered a beneficiary of the first preference visa petition because he is an adult child of a United States citizen. There are currently no visas. Let me just tell you what bothers me about this. It seems to me that Congress has clearly expressed its intent that no prospective immigrant child should be worse off due to her parent's naturalization. Wouldn't the government's definition of age mean that Rodriguez Tovar is now worse off because his father naturalized? Sadly, yes. Sadly, the Child Status Protection Act does not help this case. The Child Status Protection Act was enacted after Congress eliminated an adjustment provision in 2001, and it's called a sunset date. So April 30th of 2001 was a date in which hundreds of thousands of visa petitions were filed by individuals in the United States because their ability to adjust after that date as someone in the United States was going to expire. The processing time for those visa applications was lengthy. In this case, it was four years. And it's still lengthy. It is still lengthy. It's better, but it's still lengthy. And so the Child Status Protection Act was enacted to protect the children that lost that status purely based on USCIS's processing time of that visa. As the Supreme Court recognized in Deocerio, the Child Status Protection Act does not allow someone to remain a child forever. It does not protect them as a child during the wait time for a visa to become available. It only protects them as a child during the time that that processing, the USCIS processing, occurred. Now, in this case, it becomes very fuzzy because allowing that four years, applying that four years to this individual, depending on which preference category you try to apply it to, could help him or it could not help him. But if you look specifically at the statute and what the CSPA intended to do, is it did not intend to affect this particular fact scenario. And that's what the board addressed in Matters of Mora. His age as of the date his father became a citizen, his age under the statute was actually 19 because you subtract the four years from the 23. And that was his age under the statute as of that day. If you were to use the statutory date, correct. But if you look at 1151F and 2 is where the naturalization date comes in and 1 is where the statutory date comes in, under Section 1 it specifically says, except as provided in paragraphs 2 and 3. So reading F as 1, 2, and 3 as a whole, you look and say, well, what are the rules for determining whether a certain individual is an immediate relative? And you look to see which of these three subsections apply. Well, as 1 says, except as provided in paragraphs 2 and 3. And 2 says, if the parent naturalizes, use the date of the age on the naturalization. It does not refer back to the calculation section as the paragraph above does. But it says the age. Now, the age under the statute was 19. But his actual age was 23. But it doesn't say actual age in the statute. But it also doesn't say statutory age. Right, it doesn't say it. So you try to read the statute. Lots of statutes are complicated. Correct. And that's where Chevron comes into play. Take the tax reform bill or take any number of statutes. Our first effort is to see what the statute really meant. And there may be different ways to do that, what a statute means. But that's the first effort, to see if the statute viewed as a whole makes sense. And it makes sense to say statutory age, where it didn't say. You could say, one approach would be to say, well, it's ambiguous. Because in that sentence in F, it didn't say what kind of age it was referring to. Another way is to see what was the aim of the statute. How could you reconcile it all to make what you think is the intent of Congress? And it would certainly seem, as Judge Nelson suggested, it would seem more consistent with the age of the statute. And many theories of statutory interpretation would avoid trying to go farther than reconcile the statute to try to effectuate its intent. And I think you yourself even suggested that it would be unfortunate if we used actual age rather than statutory age. I do think that the result in this case is unfortunate. I think that it's a sad result in this case because this particular individual does not get to take advantage of the Child Status Protection Act. Because the statute itself does not specify chronological age versus the age calculation under a different section of the statute, it is ambiguous. And therefore, this Court should grant Chevron deference to the Board's determination in Zamora. That would be one result if you like Chevron deference, which is not very popular these days, as you know. I don't generally like to anticipate what may happen in the future, but I think there is certainly a growing view that we ought to just look to the statute and try to make sense out of the statute, which you can do. I think interpreting it the other way, of actual age rather than statutory age, doesn't really, isn't really consistent with the intent. It seems a more logical interpretation of the statute as a whole. So we wouldn't want to look beyond that to all these other things that are falling into dis-esteem these days. We could make sense of the statute by interpreting it to mean where they didn't specify. His age under the statute was actually 19 as of the day his father became a citizen. So if you looked at his statutory age as of that day, he was eligible. I respectfully, Your Honor, I disagree that the statute is clearly, if you look under each of the provisions of the Child Status Protection Act, there is not one that clearly applies to the situation. There is not one that clearly applies to someone who was under 21 when their lawful permanent resident parent filed a petition, then turned 21, and then the parent naturalized all before a visa became available. Not the one that said you look at his age as of the date of it, and as of the date, as of the date he was under the statute, 19 years old. So if you look at the date of the naturalization, so if you're looking at the date a visa may become available, so if you look at the date of a naturalization for someone, that you look at that date. And nothing in the Child Status Protection Act, if you look at the bill itself, nothing in it says someone who automatically, somebody who is over 21 can retain that child's status to become an immediate relative under the Child Status Protection Act. It says somebody who has a long visa petition time isn't going to be harmed by that wait time. So not one single section of the statute applies to someone who's been waiting for 15 years for their visa to become available based on a lawful permanent resident father. And perhaps it's an oversight from Congress in writing the statute at the front end, but it doesn't apply to this case, which is what makes it unfortunate. The clear terms of the way the statute is written allows individuals who are minor children to retain that age during the processing time. It allows individuals who are children still when their parents naturalized to become an immediate relative, but this individual wasn't a child still when his father naturalized. It allows individuals who are adult children, over 21, of a lawful permanent resident, whose parent later naturalizes, to get the benefit of any wait time and be able to take advantage of a shorter wait time, depending on the visa preference category. But it does not allow someone who is now 33 years old to take a visa from someone who could be eight years old. Right now, that's what would happen, is that this individual were given. He wouldn't be taking a visa from anyone. He's automatically eligible. At no point in the briefing has anybody claimed that he's an immediate relative. He's not an immediate relative. An immediate relative. There's no immediately available visa. He's not an immediate relative? No. Because he was over 21 when his father naturalized. That's back to the, to what his age was, and as I say, his age under the section of the statute, as of the date his father converted, his statutory age was 19. But I believe that even in Petitioner's Brief to this Court, he argued that nobody, he never argued that he was an immediate relative. He wanted to keep the second preference category date. But you briefed that issue, so it's before us. It is, it was before the Court in Matter of Zamora, and we are asking the Court to defer to that case. What is that? I'm sorry? To defer to which case? Matter of Zamora, which is the Board's case that address this exact actual scenario. Thank you. Thank you. Your Honor, I do believe that the statutes for CSPA do provide a way of, or what to do in this type of scenario. So 1153 H1 directs how to calculate the age for a beneficiary who has a petition initially filed for him in the F2A category. And so after the calculation, and it also says in that statute when to calculate the age. So when a visa is available. So when the parent naturalized, a visa became available. At that point, you can calculate the age, and the age would be under 21. And then you go under another CSPA section where it states that, and it even refers to the F2A category, where it states that if the parent naturalized and the beneficiary is under the age of 21, then he now has an immediate visa available to him, and the petition converts to an immediate relative petition. May I just ask, how do you square the fact that the provision governing immediate relative status does not refer to the Child Protection Act, nor does it have an age conversion formula? And I'm speaking with reference to the case of Bader of Zamora. How do you distinguish that? I believe that because the statutes need to be read to work together, then they have to be in harmony together. And in the CSPA, they are looking at petitions that were initially filed under the 2A preference category, as it was for Margarito. And then it just, it doesn't say that the beneficiary has to become a resident, a resident through the 2A category. Instead, it just directs how to calculate the age, and when to calculate the age. Thank you, Karen. All right, the case to be argued will be submitted.
judges: D.W. Nelson, Reinhardt, Steeh